USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NARLINE EWERS,

                Plaintiff,

       -v.-

MONTEFIORE MEDICAL CENTER,

                Defendant.

23 Civ. 1025 (JHR)

ORDER OF SERVICE

JENNIFER H. REARDEN, District Judge:

Plaintiff Narline Ewers, of Spring, Texas, who is proceeding *pro se*, has paid the fees to bring this action.  On March 13, 2023, Plaintiff filed a letter requesting that the Court transfer this action to the United States District Court for the Southern District of Texas.  ECF No. 5. Plaintiff asserts claims under the Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as under New York State and City Human Rights Laws.  Title VII's venue provision provides that such an action:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff sues her former employer, Montefiore Medical Center, of the Bronx, New York. Her claims arise from alleged religious discrimination, including her termination, that she experienced when she worked at that hospital, in the Bronx, which is located within this judicial district.  *See* 28 U.S.C. § 112(b).  She alleges no facts showing why, under Title VII's venue

provision, this action should be transferred to the Southern District of Texas.  Accordingly, the

Court denies Plaintiff's request to transfer this action.[1]

The Court grants Plaintiff's motion for permission for electronic case filing.  ECF No. 3.

The Court directs the Clerk of Court to issue a summons as to Defendant Montefiore

Medical Center.  Plaintiff shall serve the summons and complaint on Defendant within 90 days

of the issuance of the summons.  Within those 90 days, if Plaintiff has neither served the

defendant nor requested an extension of time to do so, the Court may dismiss this action under

Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

SO ORDERED.

Dated:   March 22, 2023
         New York, New York

JENNIFER H. REARDEN
United States District Judge

---

[1] In her letter, Plaintiff asserts that appearing in person for court proceedings will present financial and child-care challenges for her.  The Court will consider, when appropriate, Plaintiff's requests for remote appearances.